UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIVE CRYO, LLC,

    Plaintiff,

    v.

CryoUSA IMPORT AND
SALES, LLC ET AL.,

    Defendants.
_____/

CASE NO. 17-CV-11888
HON. GEORGE CARAM STEEH

**OPINION AND ORDER DENYING DEFENDANT
CryoUSA IMPORT AND SALES, LLC'S MOTION
TO ENJOIN AND FOR SECURITY (Doc. 22)
AND GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL EVIDENCE IN SUPPORT OF ITS MOTION
<u>TO ENJOIN AND FOR SECURITY AND COSTS (Doc. 32)</u>**

This lawsuit arises out of the parties' agreement whereby Defendants provided cryotherapy chambers to Plaintiff Live Cryo, LLC for use at its Michigan locations. Now before the court is Defendant CryoUSA Import and Sales, LLC's ("Defendant") motion (Doc. 22) to enjoin Plaintiff from proceeding with its counterclaim in the related matter pending in Texas state court and to require Plaintiff to post bond because of concerns that Plaintiff may be insolvent. For the reasons set forth below, Defendant's motion shall be denied. Also, Defendant filed a motion for leave to file

- 1 -

supplemental evidence in support of its motion to enjoin and for security for costs. (Doc. 32). The court has considered that motion and attached exhibits and it does not alter the court's conclusions here.

## I. Background

By prior order of the court, Plaintiff's tort and quasi-contract claims were dismissed, including various fraud and related claims under the Michigan Franchise Investment Law, but Plaintiff's breach of contract and breach of warranty claims remain viable. Of importance here, these same parties are involved in related litigation pending in state court in Texas. Specifically, two days before Plaintiff filed suit here, Defendant brought suit against Plaintiff in the state district court of Dallas County, Texas. In the Texas lawsuit, Defendant alleges breach of contract arising out of the parties' Distribution Agreement on the grounds that Plaintiff did not live up to its end of the bargain to purchase a sufficient quota of cryotherapy machines, and breached the Purchase Agreements by failing to comply with its obligations to submit timely warranty claims and repairs. Neither counsel before this court are admitted in the Texas case.

Based on that pending litigation in Texas, all Defendants previously asked this court to abstain under the *Colorado River* doctrine, but this court denied the motion because the two cases were not parallel as Plaintiff in

this case named five other Defendants who were not named in the state lawsuit, namely CryoUSA Mobile, LLC, CryoUSA Holding, LLC, CryoUSA Franchising, LLC, Eric Rauscher, and Mark Murdock.  In addition, the court found the doctrine would not apply because the two lawsuits were commenced within three days of each other; thus, interests of comity owed no deference to the Texas litigation, and Michigan has a strong interest in allowing the case to proceed here under its prohibition of forum selection clauses in franchise agreements.  In addition, the contract called for performance in Michigan, the chambers were used in Michigan, tested and allegedly repaired in Michigan; thus, most of the witnesses are located here.  For these reasons, and others, the court denied the motion to abstain under the *Colorado River* doctrine.

The parties' agreement contains a one-way contractual attorney fee-shifting provision in Defendant's favor.  Defendant alleges that Plaintiff has asserted that it will pursue this case, even to obtain a nominal recovery, and has no fear of the attorney fee-shifting provision because Plaintiff has no assets and believes its sole member is immune from personal liability.  Based on this discussion, Defendant asks that Plaintiff be required to post bond.  Plaintiff responds that it has meritorious claims; there is no proof of insolvency, and if it were to lose this case and Defendant be awarded

attorney's fees, it could seize the machines in question. Plaintiff also asks that Defendant be required to post a $50,000 bond based on its own concerns regarding Defendant's solvency.

Since the court granted in part and denied in part Defendants' motion to dismiss, Defendant offered to amend its Answer to assert a counterclaim in this case and then to dismiss its first-filed Texas action, but Plaintiff refused to concur in that amendment. Instead, three days later, Plaintiff filed a counterclaim in the Texas litigation alleging violations of the anti-fraud provisions in the Texas Business Opportunities Act and violations of the Texas Deceptive Practices Act. Defendant asks this court to enjoin Plaintiff from pursuing its counterclaim in the Texas state court.

## II. Analysis

### A. Defendant's Motion to Enjoin Texas Proceedings

The court first considers Defendant's motion to enjoin the Texas proceedings. Defendant argues that this court should enjoin Plaintiff from bringing a counterclaim in the Texas suit under the All Writs Act, 28 U.S.C. §1651(a) as permitted by the "relitigation exception" of the Anti-Injunction Act, 28 U.S.C. § 2283, or under its inherent powers pursuant to *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). The relief sought is not appropriate under either theory. Although it is not optimal to have these

parties litigating related issues in federal and state court at the same time, the "relitigation exception" does not prohibit Plaintiff from asserting a counterclaim in the Texas lawsuit.

The court considers the "relitigation exception" which exists under the Anti-Injunction Act. The Anti-Injunction Act states: "A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The "necessary. . . to protect or effectuate its judgments" language is known as the "relitigation exception." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988); *Great Earth Cos. v. Simons*, 288 F.3d 878, 894 (6th Cir. 2002). Recently, the Supreme Court addressed this exception in *Smith v. Bayer Corp.*, 564 U.S. 299 (2011). In that case, defendant moved for the federal court to enjoin the state court from considering a plaintiff's motion for class certification because the federal court had denied a similar class certification motion brought by a different plaintiff. *Id.* at 302. The Supreme Court held that an injunction was improper because the federal standard for class certification differed from the West Virginia standard, and the parties were not the same. *Id.* at 318. The Supreme Court explained

the "relitigation exception" is to be applied narrowly, and only applies in exceptional circumstances:

> Th[e] [relitigation] exception is designed to implement "well-recognized concepts" of claim and issue preclusion. The provision authorizes an injunction to prevent state litigation of a claim or issue "that previously was presented to and decided by the federal court." But in applying this exception, we have taken special care to keep it "strict and narrow." After all, a court does not usually "get to dictate to other courts the preclusion consequences of its own judgment." 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4405, p. 82 (2d ed. 2002) . . . Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court. . . . So issuing an injunction under the relitigation exception is resorting to heavy artillery. For that reason, every benefit of the doubt goes toward the state court; an injunction can issue only if preclusion is clear beyond peradventure.

*Id.* at 306–07. Here, the "relitigation exception" does not apply, because claim preclusion does not exist, at least not as of yet.

The court considers whether the doctrine of res judicata applies to bar Plaintiff from pursuing a counterclaim for violations of the Texas Business Opportunity Act and Texas Deceptive Practices Act in Texas, and finds that it does not. The first question is whether federal common law, Michigan law, or Texas law governs the issue of claim preclusion. The Supreme Court has held that the preclusive effect of a federal-court judgment, including a dismissal by a federal court sitting in diversity, is determined by federal common law. *See Taylor v. Sturgell*, 553 U.S. 880,

891 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 507–508 (2001)).

Under federal common law, to establish claim preclusion, the defendants need to show "(1) a final judgment on the merits in a prior action; (2) a subsequent suit between the same parties or their privies; (3) an issue in the second lawsuit that should have been raised in the first; and (4) that the claims in both lawsuits arise from the same transaction." *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (internal quotation marks omitted and citing *Montana v. United States,* 440 U.S. 147, 153 (1979)). In this case, there has been no final judgment on the merits. In addition, even if Michigan or Texas law governed the issue, the law is the same: in both states, the doctrine of res judicata does not apply until there has been a final decision on the merits, usually a final judgment. *See Baraga Co. v. State Tax Comm.,* 466 Mich. 264, 269 (2002); *Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 (Tex. 2017). Here, there has been no final decision in this court. The court's prior decision granting in part, and denying in part, Defendants' motion to dismiss is an interim decision. Thus, the doctrine of res judicata does not apply, and there is no basis for this court to enjoin the state court proceedings. Even if there were a final decision rendered here, it would be

for the Texas court to decide whether claim preclusion existed. For the same reasons, the court declines to exercise its inherent authority to enjoin the Texas proceedings.

**B.     Defendant's Motion to Require Plaintiff to Post Bond**

Defendant argues that Plaintiff should be required to post bond because Plaintiff's claims lack merit, and during settlement negotiations, Plaintiff's counsel suggested that a victory by Defendants and an award of attorney's fees in their favor, would be a pyric victory because Plaintiff lacks assets. Plaintiff responds that the lawsuit is meritorious, and any concerns about its insolvency are ameliorated by the availability of the cryotherapy chambers to satisfy any judgment. Plaintiff also posits its own concerns about Defendant's solvency and seeks to have Defendant post a $50,000 bond. The cases Plaintiff relies upon involve the posting of security as a condition of granting injunctive relief, *See Urbain v. Knapp Brothers Mfg. Co.*, 217 F.2d 810 (6th Cir. 1954) and *Standard Forms Co. v. Nave*, 422 F. Supp. 619 (E.D. Tenn. 1976), and are not applicable here. Defendant relies upon *State Wide Enters. v. U.S. Gypsum Co.*, 238 F. Supp. 604, 606 (E.D. Mich. 1965) where the court ordered plaintiff to post security where plaintiff had run up costs over the three-years the lawsuit was pending, but the case was of "dubious merit," and upon the court's inherent authority to

manage its docket as recognized by the Supreme Court in *Chambers*, *supra*. The circumstances presented here do not warrant the posting of security by either side. There has been no showing of insolvency or proof that Plaintiff's claims lack merit. Accordingly, the court declines the invitation to require the posting of a bond by either side.

### III. Conclusion

For the reasons set forth above, Defendant's motion (Doc. 22) to enjoin and for security is DENIED. Defendant's motion for leave to file supplemental evidence in support of its motion to enjoin and for security for costs (Doc. 32) is GRANTED and does not alter the court's reasoning and conclusions here.

**IT IS SO ORDERED.**

Dated: May 24, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 24, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk